E. F. Stevens, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

H. O. Stevens, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

C. R. Stevens, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Sadie A. Stevens, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

E. F. Stevens, Executor, Estate of W. A. Stevens, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 25208–25211, 25118.   Promulgated November 19, 1928.

*David H. Spanier, Esq.*, for the petitioners.
*Arthur H. Murray, Esq.*, for the respondent.

OPINION.

LANSDON: In the statement accompanying the deficiency notices which are the bases of these proceedings, the Commissioner says:

It is conceded that the assessment of a deficiency in tax on the basis of a fiscal year ended March 31, 1921, is precluded by the provisions of Section 278(e) of the Revenue Act of 1926. You are advised, however, that a report of the Internal Revenue Agent in Charge at St. Paul Minnesota, dated November 5, 1926, covering an investigation of your books of account and records has been received. The examining officer has changed the method of filing your returns from a fiscal year to a calendar year basis, inasmuch as your only income for the fiscal year was income from the partnership. The examining officer's report has been accepted by this office.

In the light of the above, it appears that the only question submitted for our decision is whether the Commissioner was authorized by law to change the income reporting period of these petitioners from a fiscal to a calendar year basis. If there is any statutory authority for such action it is found in the following provision of section 212 of the Revenue Act of 1921:

(b) The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer's annual accounting period is other than a fiscal year as defined in section 200 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year.

It is clear that if the taxpayers had no established accounting period within the meaning of the law, or kept no books, the action of

the Commissioner was authorized and probably required. In support of their contention that by filing their returns on the basis of a fiscal year ended March 31, in the previous and other prior years, the petitioners rely on article 25 of Regulations 45, from which they quote the following:

\* \* \* Except in the cases of a return for the taxable year 1918 and of a first return for income tax a taxpayer shall make his return on the basis (fiscal or calendar year) upon which he made his return for the taxable year immediately preceding unless, with the approval of the Commissioner, he has changed the basis of computing his net income.

We can not agree that this language determines the question. It must be presumed that this regulation applies only to returns that have been made and filed in conformity with law. The respondent has determined that the petitioners had no right to file returns on a fiscal year basis. Erroneous action of taxpayers in one year establishes no right to commit the same error in the next year.

We are of the opinion that nothing in the record proves that the taxpayers herein had established any regular annual accounting period for reporting their respective incomes. As the parties have stipulated that none of the taxpayers kept any personal books of account, we conclude that the Commissioner properly changed the basis of the accounting periods of these several petitioners from a fiscal to a calendar year. Since the returns filed in May, 1921, covered only three months of the calendar year before us, the period within which the tax for that year must be assessed did not begin to run from the date of such filing. At January 14, 1927, the Commissioner had authority to assess and collect additional taxes against each of these petitioners for the calendar year 1921. Cf. *Mabel Elevator Co.*, 2 B. T. A. 517; *Beck Engraving Co.*, 8 B. T. A. 897; *Paso Robles Mercantile Co.*, 12 B. T. A. 750.

*Decision will be entered for the respondent.*